IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY C. MERCER | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-19-2608 |
| WARDEN and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Respondents have filed limited answer seeking dismissal of petitioner Corey C. Mercer's petition for a writ of habeas corpus pursuant as time-barred. Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* D. Md. Local R. 105.6; Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). Mercer also filed a "Motion to Correct Cruel and Unusual Punishment," (ECF 12) which shall be denied to the extent Mercer attempts to add claims regarding the conditions of his confinement. For the reasons set forth below, the petition will be treated as one filed pursuant to 28 U.S.C. § 2254 and dismissed as time-barred. A certificate of appealability shall not issue.

I.     **BACKGROUND**

Mercer was convicted of first-degree murder, and on July 2, 1996, the Circuit Court for Baltimore County imposed a life sentence, all suspended but forty years without a term of probation. *State v. Corey Christopher Mercer*, No. 03-K-96-000118 (Cir. Ct. Balt. Cty). ECF 3

p. 1; ECF 3-1 at 1.  Mercer did not appeal his conviction to the Court of Special Appeals of Maryland.  (ECF 3 p. 3; ECF 6-1).

On May 14, 1997, Mercer filed a petition for post-conviction relief (ECF 6-1 pp. 11–12; ECF 3 p. 3). The circuit court conducted a post-conviction hearing on March 5, 1998 and denied relief by order entered on August 19, 1998.  (ECF 6-1 p. 12).  Mercer did not note an appeal.  (ECF 3 p. 4; ECF 6-1).

In 2003, Mercer filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 which was dismissed as time-barred under 28 U.S.C. § 2244(d).  *See Mercer v. Sondervan*, Civil Action No. AW-03-2266 (D. Md. October 2, 2003); ECF 6-2.

On February 9, 2007, the Court of Appeals of Maryland held in *Cathcart v. State*, 397 Md. 320 (2007), that if a court imposes a partially suspended sentence but fails to impose a term of probation, "the effect of the omission is to limit the period of incarceration to the unsuspended part of the sentence, that becomes, in law, the effective sentence."  *Id*. at 330.  As a result of this decision, Mercer's sentence was treated as a sentence of incarceration for 40 years, rather than a life sentence with all but 40 years suspended.  ECF 6 p. 5.

Later, in *Greco v. State*, 427 Md. 477, (2012), the Court of Appeals held that because the mandatory minimum sentence in Maryland for first-degree murder is life imprisonment, when a partially suspended life sentence is imposed, it is deemed to be a term-of-years sentence by operation of law under *Cathcart* when the sentencing court did not order probation. *Id.* at 513. The Court of Appeals further held that the resulting term-of-years sentence is illegal and must be corrected by resentencing the defendant to the original partially suspended sentence and imposing a term of probation. *Id.*

In December 2014, a Maryland Parole Commission staff member sent a letter to the State's Attorney for Baltimore County advising that Mercer's sentence appeared to pose a *Cathcart–Greco* issue, and asked whether the State intended to file a motion to correct illegal sentence. (ECF 3-1 pp. 3–4.) On January 9, 2015, the State filed a motion to correct an illegal sentence in Mercer's case. (ECF 6-1 pp. 4–5.)

On February 10, 2015, the Circuit Court for Baltimore County held a hearing on the State's motion to correct an illegal sentence, granted the motion, and resentenced Mercer to imprisonment for life with all but 40 years suspended followed by two years of supervised probation upon release. (*Id.* pp. 2–4.) Mercer did not note an appeal, and the judgment became final thirty days later on March 12, 2015. *See* Maryland Rule 8-202(a) (providing 30 days to file an appeal).

Mercer filed no other motions until August 15, 2018, when he filed a motion to correct an illegal sentence, which the circuit court denied on November 7, 2018. (ECF 6-1 pp. 1–2.) Mercer filed a motion for modification of sentence on April 4, 2019, which the court denied on April 26, 2019. (*Id.* p. 1.) He filed another motion to correct an illegal sentence on June 4, 2019, which the court denied on June 28, 2019. (*Id.*)

On August 28, 2019, Mercer initiated this habeas action. (ECF 1.)[1] As grounds for relief, he claims that his 2015 resentencing was invalid because it violates double jeopardy, his *Alford* plea was breached or coerced, his sentence should not be considered a life sentence, and he should be released. (ECF 3 pp. 5, 8-11.)

On February 9, 2021, Mercer filed a Motion to Correct Cruel and Unusual Punishment, requesting his immediate release. He claims that he has been wrongfully convicted, has fully

---

[1] Mercer is entitled to the benefit of the "prison mailbox rule", which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988).

completed his sentences, and his continued confinement during the coronavirus pandemic constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment.[2] (ECF 12.)

## II.     DISCUSSION

### A.     One-Year Limitations Period

A one-year statute of limitations applies to habeas petitions for persons convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C. §2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. *See* 28 U.S.C. §2244(d)(1)(B)-(D).[3]

The one-year period is tolled under statute while properly filed post-conviction proceedings or other collateral review are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Wall*, 562 U.S. at 549. Mercer neither asserts, nor do the facts presented suggest that statutory or equitable tolling applies under the circumstances of this case.

When a state defendant is resentenced, "the limitations period under §2244(d)(1)(A) runs from the judgment entered upon resentencing[.]" *Woodfolk v. Maynard*, 857 F.3d 531, 542 (4th Cir. 2017) (citing, *inter alia*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam)). This is so "even if . . . the defendant's habeas petition challenges the underlying conviction." *Id.* at 542.

---

[2] Mercer may not raise new claims about the conditions of his confinement in his surreply. Briefs in opposition to a dispositive motion may not be used to amend a complaint or add new claims. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs,* 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Should he wish to pursue claims for constitutional violations based on the conditions of his confinement, he may file a separate complaint under 42 U.S.C. § 1983. Mercer will be sent a complaint information and forms packet to assist him.

As noted, Mercer was resentenced on February 10, 2015, and his judgment became final 30 days later on March 12, 2015. *Supra* p. 3. This triggered the running of the one-year limitations period under § 2244(d)(1)(A), and for the next year there were no "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" to toll (*i.e.* pause) the limitations period. Thus, the one-year limitations period expired on March 13, 2016, and when Mercer filed this federal habeas petition on August 28, 2019, more than three years had passed since the expiration of the limitations period. Consequently, the petition is untimely filed.

Mercer filed the Petition under 28 U.S.C. § 2241, arguing that the untimeliness of his petition should be excused because "no other state remedies are available" to him and that "this injustice is fatal to any institution of law." (ECF 3 pp. 5.) Mercer may not use § 2241 to avoid the one-year limitations period under § 2244(d). Individuals challenging their confinement pursuant to a state court criminal judgment are subject to § 2254, and its one year limitation period. *See In re Wright,* 826 F.3d 774, 783 (4th Cir. 2016) (holding that a petition filed by state prisoner challenging a state conviction "although styled as a § 2241 petition, is governed by § 2254, and as such, should be treated as an 'application under section 2254' . . . . [and] the more specific § 2254 'and all associated statutory requirements' shall apply") (citations omitted). This petition challenges Mercer's state criminal judgment; therefore, it is appropriately treated by the court as a petition filed pursuant to 28 U.S.C. § 2254. *See id.*; *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (noting a court may recharacterize a pro se litigant's pleading to "create a better correspondence between the substance . . . of [the] claim and its underlying legal basis").

Mercer also asserts that in light of the Supreme Court's decisions in *Miller v. Alabama,* 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the date to begin the

5

running of the one-year limitations period is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." ECF 8; 28 U.S.C. § 2244(d)(1)(C). *Miller*, decided on June 25, 2012, held that a "mandatory" sentence of "life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. *Montgomery*, decided on January 25, 2016, held "that *Miller* announced a substantive rule of constitutional law[,]" which must be given "retroactive effect" on collateral review. 577 U.S. at 212.

Even if Mercer is asserting a *Miller-Montgomery* claim, the petition is time-barred. Under § 2244(d)(1)(C), the one-year limitations period runs from the date when the right "was initially recognized" by the Supreme Court, and not a later date when the right is "made retroactive[ ]." *Dodd v. United States*, 545 U.S. 353, 354–55, 357–58 (2005). The one-year filing period for a *Miller–Montgomery* claim under § 2244(d)(1)(C) begins "from June 25, 2012, when the Supreme Court decided *Miller*, *i.e.*, when it initially recognized the Eighth Amendment violation, rather than from the date of its later declaration of retroactivity in *Montgomery*." *Malvo v. Mathena*, 259 F. Supp. 3d 321, 330 (D. Md. 2017). Thus, Mercer's reliance on a *Miller-Montgomery* claim does not expand the one-year filing deadline beyond the expiration date of the filing period using the date of the final judgment. The date Mercer's judgment became final, March 12, 2015, is the later and proper date to calculate the start of the one-year period. Further, even if the limitations period were deemed to run under § 2244(d)(1)(C) from January 25, 2016, when *Montgomery* was decided, Mercer's petition would still be untimely. In such a hypothetical scenario, the one-year limitations period expired on January 25, 2017, more than two years before Mercer filed the petition in August 2019. Consequently, the petition is time-barred.

### III. CONCLUSION

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mercer's claims are dismissed on procedural grounds and he has not made the requisite showing to warrant a certificate of appealability. The court therefore declines to issue one. Mercer may request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2253(c)(1); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the court will dismiss the petition as time-barred and a certificate of appealability shall not issue. A separate Order follows.

6/9/2021  
Date

/S/_____  
Catherine C. Blake  
United States District Judge